IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW GROSSER,<br><br>　　　　　Plaintiff,<br>v.<br><br>WAL-MART STORES EAST LP; WAL-MART STORES EAST, INC.; WAL-MART STORES, INC.; and WALMART SUPERCENTER #4612<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. 2:26-cv-218<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Wal-Mart Stores East LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., and Walmart Supercenter #4612 (hereinafter referred to collectively as "Walmart"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Pennsylvania Court of Common Pleas for Philadelphia County, October Term 2025, No. 02600, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, state as follows:

　　　　1.　　Plaintiff, Matthew Grosser (hereinafter "Plaintiff"), initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas on February 23, 2025. *See* a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

　　　　2.　　Plaintiff served Walmart on October 29, 2025. *See* a copies of Plaintiff's affidavits of service attached hereto as Exhibit "B."

　　　　3.　　Walmart filed Preliminary Objections to Plaintiff's Complaint on November 18, 2025.

4. The deficiencies in Plaintiff's Complaint were cured through stipulations filed on December 2, 2025. *See* a copy of Stipulation between Plaintiff and Walmart attached hereto as Exhibit "C."

5. Walmart filed an Answer to the Complaint as amended by the stipulations, with New Matter, on December 23, 2025. *See* a copy of Walmart's Answer with New Matter attached hereto as Exhibit "D."

6. The Complaint alleges that, on or about February 3, 2024, Plaintiff tripped and fell over a tote at the Walmart Store #4612 located at 1800 Tilden Ridge Drive, Hamburg, Pennsylvania. *See* Exhibit "A," ¶ 9.

7. The state court where this action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this jurisdictional district.

8. Removal from the Court of Common Pleas, Philadelphia County, is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

9. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

**I.  Plaintiff Is Wholly Diverse from All Named Defendants.**

10. Plaintiff resides at 1330 Fairmont Ave, Philadelphia, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania. *See* Exhibit "A," at ¶ 1.

11. Defendant Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware with a principal place of business in Bentonville, Arkansas. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP through wholly-owned

operating entities as follows: Walmart Inc., a citizen of Delaware and Arkansas, is the sole (100%) member of Wal-Mart Stores East, LLC (WMSE). Therefore, WMSE is a citizen of Delaware and Arkansas. WMSE is the sole (100%) member of both WSE Management, LLC and WSE Investment, LLC. Therefore, WSE Management, LLC and WSE Investment, LLC are also citizens of Delaware and Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas since its partners are citizens of Delaware and Arkansas. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members"); and 419 (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)) ("a partnership, as an unincorporated entity, takes on the citizenship of each of its partners.").

12. Wal-Mart Stores East, Inc., now known as Wal-Mart Stores East, LLC, is an Arkansas limited liability company with a principal place of business in Arkansas. Walmart Inc., a citizen of Delaware and Arkansas, is the sole (100%) member of Wal-Mart Stores East, LLC (WMSE). Therefore, WMSE is a citizen of Delaware and Arkansas.

13. Walmart Inc., formerly known as Wal-Mart Stores Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Therefore, Walmart Inc. is a citizen of Delaware and Arkansas.

14. Walmart Supercenter #4612 is not a recognized legal entity and therefore has no citizenship for diversity purposes.

II. **The Amount in Controversy Exceeds the Jurisdictional Minimum of $75,000.**

15. Plaintiff's Complaint is extremely vague regarding the nature and extent of his claimed injuries. The Complaint merely alleges that Plaintiff sustained "bodily injuries, including but not limited to his back and other injuries." *See* Exhibit "A," at ¶ 14.

16. The Complaint merely made boilerplate claims of "severe and serious personal injuries" without specifying the nature of the injuries or their severity, which are insufficient to trigger the removal deadline under the bright line test adopted by the Third Circuit in McLaren v. UPS Store Inc., 32 F.4th 232, 239 (3d Cir. 2022) (adopting a bright line removal test that focuses on what the defendant receives in litigation, versus what it knows or should know from a subjective injury)

17. However, based on other paper Walmart received on and after December 18, 2025, Plaintiff seeks damages in excess of $75,000.

18. When a case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3); see also § 1446(c)(3)(A).

19. This Court has long held that discovery responses, settlement demands, and documents indicating that the Plaintiff is a surgical candidate can all qualify as "other paper" sufficient to create a basis for removal. *See*, *e.g.*, *Sharawi v. WWR Premier Holdings, LLC*, 2020 U.S. Dist. LEXIS 3649, *4-5, 2020 WL 93942 (E.D. Pa. Jan. 7, 2020) (where a case met the amount in controversy requirement based on amended discovery responses indicating that the plaintiff would require a future knee replacement; and was timely removed within 30 days after the plaintiff appealed a Philadelphia arbitration award); *see also Judge v. Phila. Premium Outlets*,

Civil Action No. 10-1553, 2010 U.S. Dist. LEXIS 56762, *7 (E.D. Pa. June 8, 2010) (holding that the defendant's notice of removal was timely when filed within 30 days of its receipt of a case management conference memorandum that contained a demand above $75,000 and stated that the plaintiff would require future surgery) (citations omitted); *see also White v. Gould*, 1992 U.S. Dist. LEXIS 289, *6, 1992 WL 7032 (E.D. Pa. Jan. 9, 1992) (holding that a notice of removal filed eight months after commencement of the action was timely since the defendant was unaware that the amount in controversy exceeded the jurisdictional minimum until it received a $100,000 written settlement demand from the plaintiff's attorney, which qualified as "other paper"); *see also Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F. Supp. 2d 428, 432-433 (E.D. Pa. Jan. 18, 2002) (holding that answers to interrogatories can be considered "other paper").

20. On December 18, 2025, Plaintiff produced medical records indicating that he allegedly sustained multi-level lumbar discs herniations due to the incident in issue.[1]

21. The medical notes indicate that Plaintiff has been recommended for a lumbar spine fusion surgery at the L4-L5 level.

22. In addition to the treatment notes that suggest an invasive surgical claim, Plaintiff produced $69,476.76 in medical bills and a lien in the amount of $27,740.26. These costs are expected to escalate given the additional procedure that Plaintiff's treatment team has recommended.

23. Furthermore, on January 6, 2026, Plaintiff demanded $525,000.00, clearly indicates that he believes the amount in controversy exceeds $75,000. *See* email correspondence between counsel containing Plaintiff's demand, attached as Exhibit "E."

---

[1] To protect Plaintiff's privacy, the underlying medical records themselves are not attached. However, they can be made available at the Court's request if necessary.

24. Based on the recommended spine surgery, the amount of Plaintiff's medical bills, and his demand of $525,000, the amount in controversy exceeds $75,000.

25. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are diverse and the matter in controversy exceeds $75,000 as set forth herein.

26. Further, this Notice of Removal is timely filed within thirty (30) days of Walmart's receipt of other paper.

27. Accordingly, the requirements of 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) are satisfied and this matter is properly removable.

**WHEREFORE**, Defendants, Wal-Mart Stores East LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., and Walmart Supercenter #4612, respectfully request that this state action be removed from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, **MCDONNELL & ASSOCIATES, P.C.** |
| Dated: January 14, 2026 | By: | _/s/ Peter Della Porta_ Patrick J. McDonnell, Esquire Attorney I.D. No. 62310 Email: pmcdonnell@mcda-law.com Gwyneth R. Schrager, Esquire Attorney I.D. No.: 319219 Email: gschrager@mcda-law.com Peter Della Porta, Esquire Attorney I.D. No. 331346 Email: pdellaporta@mcda-law.com 860 First Avenue, Suite 5B King of Prussia, PA 19406 Telephone – (610) 337-2087 Facsimile – (610) 337-2575 *Attorneys for Defendants* |